DONA MEYERHOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5886. Promulgated April 12, 1928.

*Charles F. Byers, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

530

OPINION.

Love: The record in this case is very unsatisfactory. The first assignment of error is to the effect that the Commissioner refused to allow sufficient depreciation on furniture and fixtures. We are not informed what amount of depreciation the Commissioner did allow, if any. Moreover, the March 1, 1913, value of some of the furniture and fixtures, bought prior thereto, is not disclosed. The shelving and counters were constructed at the time of, and in connection with, the construction of the building, the March 1, 1913, value of which was $22,500, as claimed by petitioner and accepted by the Commissioner. Apparently the cost of the shelving and counters went in as part of the cost of the building. Neither the cost of the material nor the cost of labor for the shelving and counters could be segregated from the cost of the building. If their cost did go into the cost of the building, then depreciation taken on the building included depreciation on those items.

John M. Moore, witness for the petitioner, satisfactorily qualified as an expert on valuation of furniture and fixtures, and we have accepted his valuations where given. He stated that in his opinion an average rate of 10 per cent depreciation on all furniture and fixtures was fair and reasonable. Should that rate be accepted, we are still met with at least two insurmountable difficulties:

(1) The March 1, 1913, value of some of the fixtures was not shown.

(2) We can not determine that the shelving and counters should be included in the list of furniture and fixtures for depreciation purposes.

After eliminating the above two groups of items and not knowing how such elimination would affect the average rate of depreciation, we are unable to decide what a proper rate is on the other items. In view of the record, we must overrule the first assignment of error and approve the action of the Commissioner.

With reference to the second assignment of error, it is sufficient to point out that the record does not disclose the terms and conditions of sale, whether the whole mercantile business was sold for a lump sum, or in classes; and we are not informed in regard to the price paid, in whole or in part. That assignment of error is overruled and the action of the Commissioner approved.

For want of evidence in regard to the facts necessarily involved in the third assignment of error, the action of the Commissioner is approved.

There is no evidence in the record in regard to matters involved in the fourth assignment of error, hence the action of the Commissioner is approved.

With reference to assignments of error Nos. 5 and 6, there being no deficiency determined for 1918, and the handling of an overassessment being an administrative matter, the Board has no jurisdiction to pass upon either of those assignments.

*Judgment will be entered for the respondent.*